JOHN FARRIS AND ANOTHER v. A. BERRY, ADMINISTRATOR DE BONIS NON.

1. When there had been joint administrators on an estate, suit could not be maintained against one of them and the sureties on the joint bond, no legal cause being shown for not joining the other administrator; and in the present case, brought against one only of joint administrators, this court not only reverses the judgment by default in favor of the plaintiff, but dismisses the suit. (Paschal's Digest, Art. 1449.)

2. When an administrator and the sureties on his bond have been jointly sued, it is error to permit the plaintiff to dismiss as to the administrator and take judgment by default against the sureties.

ERROR from Collin. Tried below before the Hon. Hardin Hart.

The opinion gives a clear statement of the material facts.

*Throckmorton & Brown*, for the plaintiffs in error.—This suit was begun under Art. 1333, of Paschal's Digest, and can be maintained under no other clause of the law. By the article referred to, the right of action in this character of case was conferred upon a certain class of persons, and none other can maintain

the suit. The law is that the administrator, etc., failing to take security for the purchase money of property belonging to the estate he represents, and sold by him, shall be liable " at the suit of any person interested in the estate," etc. For a construction of this statute as to who are included in the phrase " person interested in the estate," we call attention of the court to Murphy v. Menard, 11 Texas, 677, which was a suit to revise the settlement of the former administrator, under Art. 1382, Pas. Dig. The last named article provides that " any one interested in the estate of a deceased person," etc ; and in the case above cited the question was as to the persons authorized to sue by this article, and the court decided that an administrator was not " a person interested in the estate." For the proper construction of this language we also refer to McDonald v. Alford, administrator, decided at Tyler term, 1869, on page 3 of the pamphlet decisions. On page 397, 17 Texas, in Martel v. Martel, in the very close of the opinion, the court say that the words " any person interested in the estate," in Article 1382, confers the right to sue upon " a creditor, legatee or distributee only."

" Any one interested in the estate of a deceased person," in Article 1382, and " any person interested in the estate," in Article 1333, confer rights of action upon the same classes of persons. If an administrator de bonis non cannot sue under the first article he cannot under the latter. If the language of Article 1333 designates " a creditor, legatee or distributee only," then the same language in Article 1333 designates the same classes of persons, and only those, and excludes the administrator de bonis non.

Under Article 1449, Paschal's Digest, no judgment could be rendered against these plaintiffs in error, unless at the same time judgment had been rendered against the principal, and the suit could not be dismissed as to said principal, etc., except for nonresidence or insolvency. The suit was dismissed as to the principal, Peter Wetsel, because he had been discharged in bankruptcy. By

the thirty-third section of the bankrupt law, the bankrupt could not be discharged from a debt contracted in a fiduciary character. An administrator is the trustee holding the property of the estate in trust for the creditors, heirs, etc., and his character is fiduciary. (6 Texas, 130, Chapman v. Forsyth; 2 Howard, 202; 15 Curtis Decisions, 87.)

Is the bankruptcy of a party equivalent to insolvency? We think not. The law proposes to protect the sureties, and makes them liable only upon the inability of the principal. Granting the principal surrendered all property subject to execution when he filed his schedule, yet he may have acquired a large property prior to his dismissal herein, either by successful business operations or by inheritance, and in either case such property would be liable. In order to authorize the dismissal as to the principal, it must appear that he comes within one of the exceptions. (Rutherford v. Harris, 22 Texas, 167.)

The original bond upon which this suit was brought was executed by Peter Wetsel and Sarah M. Wetsel, (at the bringing of suit Sarah M. Bandy,) as principal obligors and plaintiffs in error, and James Wetsel as sureties, all of which appears from the petition. Sarah M. Wetsel was not sued, and by Article 1426, Paschal's Digest, the institution of suit against the sureties, unless both of the principals were joined, is inhibited. (4 Texas, 228.)

No brief for the defendant in error.

OGDEN, J.—This suit was instituted in the court below, by the defendant in error, as administrator *de bonis non* on the estate of David Wetsel, deceased, against H. Bright, on a note payable to Peter Wetsel, administrator, and Sarah M. Wetsel, administratrix, of D. Wetsel, and against Peter Wetsel as principal, and plaintiffs in error and James Wetsel, sureties upon the bond as administrator of D. Wetsel, deceased; and he claimed in his peti-

tion that H. Bright was primarily liable for the amount due on said note, and that Peter Wetsel, and his sureties on his administrator's bond, were also liable for the same amount, for the reason that the said Peter Wetsel, as said administrator, had failed to require of said Bright security for the payment of said note as required by law. The bond sued on was given by Peter Wetsel and Sarah M. Wetsel, as principals, who were administrator and administratrix of D. Wetsel, deceased, and were removed therefrom and defendant appointed administrator *de bonis non*, who brought this suit and obtained judgment by default, in the court below, against the plaintiffs in error, for the amount due on the Bright note, which judgment has been brought here by a writ of error.

We do not deem it necessary to notice all the assignments of error, as one or two will suffice to dispose of the cause. We are not satisfied from an examination of the statute, and the decisions on the same, that an administrator *de bonis non* may not maintain a suit on the bond of a former administrator for a failure to deliver up property belonging to the estate he represented, or for any other malfeasance or misfeasance of which he may have been guilty in his fiduciary capacity, and before a final settlement with the probate court.

But we are of the opinion that this suit must be dismissed because of the error in bringing the same, as well as for the errors committed on the trial. The suit was instituted against one of the administrators, without noticing the other, and against the securities on their joint bond, for damages in failing to perform his duties as administrator. This was error, of which the sureties had a right to complain. Peter Wetsel and Sarah M. Wetsel were joint obligors and principals on the bonds, and plaintiffs in error and James Wetsel were the security, and they had the right to have both of their principals sued at the same time with themselves, and, if necessary, that the property of their principals should first be exhausted to satisfy any judgment obtained against them on the

bond.   Sarah M. Wetsel, who after her marriage was Sarah M. Bandy, was not sued at all, and on the trial the plaintiffs below dismissed as to the other principal, and took judgment against the surety alone.   This was such an error as will require this cause to be reversed and dismissed.   On the trial below, the plaintiffs dismissed the suit as to the principal in the bond and the maker of the note sued on, and took judgment by default against the defendants, now plaintiffs in error, for the full amount due on the note of Bright.   But upon inspection of the transcript, it will be seen that the citation served upon both of the plaintiffs in error required them to appear and answer more than ten months before the issuance thereof.   There was consequently no legal service, and the judgment by default must be held erroneous.   This cause is therefore reversed, and for the want of proper parties defendants, it must be dismissed.

Reversed and dismissed.